IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ENVIRONMENTAL SERVICES, INC. | § § § | PLAINTIFF |
| v. | § § | CIVIL ACTION NO. 1:05CV369LG-RHW |
| MANNING TRUCKING, INC. | § | DEFENDANT |

### ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF THOMAS P. BAYHAM

BEFORE THIS COURT is the Defendant's Motion to Strike Affidavit of Thomas P. Bayham filed in the above-captioned cause on January 30, 2006, on the grounds that said affidavit: 1) is not made on personal knowledge; 2) sets forth facts not otherwise admissible in evidence; 3) fails to affirmatively show that the affiant is competent to testify to the matters stated therein; and 4) fails to include sworn or certified copies of all papers or parts referred to in the affidavit. *¶ 1 of Def. Mtn. at p. 1*.

Affidavits must be made on personal knowledge, setting forth "such facts as would be admissible in evidence." FED. R. CIV. P. 56(e). If documents are attached to affidavits, they must be "sworn or certified copies." *Id.* The affidavit at issue does not indicate that Mr. Bayham himself was present during any meeting between USES and Manning regarding the alleged agreement to perform services in exchange for a sum certain nor does it provide a basis for the statement that Manning was permitted to render services without prepayment. "Setting forth mere statements of conclusions of law or ultimate fact are insufficient to support or defeat a motion for summary judgment." *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1221 (5th Cir.1985). After careful consideration, the Court concludes that ¶ ¶ 4 and 5 of Bayham's affidavit should be stricken as they contain numerous unsubstantiated statements. *See Hatch v. Wal-Mart Stores Inc*. 2006 WL 2641657, *1 (5th Cir. 2006)("nonmoving party cannot satisfy his

summary judgment burden with conclusory statements, speculation, and unsubstantiated assertions."); *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir. 1994). Having considered the motion and pleadings on file, the undersigned concludes that ¶¶ 4 and 5 of Thomas P. Bayham's affidavit fail to conform to the requirements for competent summary judgment evidence under FED. R. CIV. P. 56(e). Accordingly,

**IT IS ORDERED AND ADJUDGED** that the Defendant's Motion to Strike the Affidavit of Thomas P. Bayham filed January 30, 2006, [48-1] should be and is, hereby **GRANTED** as set forth above.

**SO ORDERED AND ADJUDGED** this the 31th day of January, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE