**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES ENVIRONMENTAL** | § | **PLAINTIFF** |
| **SERVICES, INC.** | § | |
| | § | |
| **v.** | § **CIVIL ACTION NO. 1:05CV369LG-RHW** | |
| | § | |
| **MANNING TRUCKING, INC.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS OPEN ACCOUNT CLAIM
AND DEFENDANT'S MOTION TO DISMISS INDEMNITY CLAIM**

THE MATTER BEFORE THE COURT is a Motion to Dismiss Plaintiff's Open Account

claim filed March 20, 2006, and Motion to Dismiss Plaintiff's Indemnity Claim filed September

18, 2006, by Defendant Manning Trucking.  The Plaintiff has filed responses and Defendant has

timely filed rebuttals.  After due consideration of the submissions and the relevant law, it is the

opinion of the Court that Defendant's Motions should be granted.

FACTS AND PROCEDURAL HISTORY

In October of 2002, Manning Trucking ["Manning"] was employed as a subcontractor of

First Chemical [now Dupont] Plant in Pascagoula, Mississippi, for the purpose of removing

hazardous contaminants and materials.  On October 21, 2002, a Manning employee, driving a

Manning truck, hit a valve stem of an ammonia tank causing it to leak and requiring repairs.

Subsequently, United States Environmental Services ["USES"] and Manning entered into an

arrangement for remediation and damage control stemming from the accident.

USES filed the instant complaint in this Court on August 3, 2005, asserting the following

causes of action against Manning: 1) action on an open account; 2) indemnification; and 3)

-1-

unjust enrichment/quantum meriut.

DISCUSSION

STANDARD FOR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

The standard this Court is to employ in deciding a motion to dismiss pursuant to FED. R. CIV. P.12(b)(6) is well-settled. The district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal* , 75 F.3d 190, 196 (5th Cir. 1996), *citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992). "The court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197. In the present case, there are numerous financial documents and letters attached to the Complaint which are considered part of the pleading because it is central to the cause of action. *Sennett v. U.S. Fidelity & Guar. Co.,* 757 So.2d 206, 209 (Miss. 2000); *see also Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285 (5th Cir. 2004); *Baldwin v. Laurel Ford Lincoln-Mercury, Inc*. 32 F.Supp.2d 894, 898 (S.D. Miss. 1998). Where a movant submits matters outside the pleadings along with its motion to dismiss, and those matters are not excluded by the court, the court must convert a motion to dismiss into a motion for summary judgment. *Bolen v. Dengel,* 340 F.3d 300, 312 (5th Cir. 2003). Because there have been matters submitted outside the pleadings, the Court will consider this Defendant's Motion under the summary judgment standard.[1]

_____

[1]An order advising the parties that the Court intended to construe the instant motions as motions for summary judgment pursuant to FED R. CIV. P. 56, and permitting the parties to submit any necessary additional evidence was entered on January 19, 2007. *Ct. R. 45.*

Plaintiff submitted the affidavit of Thomas P. Bayham in connection with its supplemental response filed pursuant to the Court's Order & Advisory. Defendant filed a Motion to Strike said affidavit. By separate order granting the Defendant's Motion to Strike, the Court has determined that Bayham's affidavit does not comply with the dictates of FED. R. CIV. P. 56(e). Therefore, ¶¶ 4 and 5 of Bayham's affidavit have not been considered in the Court's summary judgment inquiry.

FED R. CIV. P. 56, permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that, as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).   The movant need not negate the non-movant's claims.  Instead, movant need only show the absence of evidence to support a claim on issues to which the non-movant bears the ultimate burden of proof at trial.  *Id.* at 323-24.  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id.* at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

## THE OPEN ACCOUNT CLAIM

USES claims that following the accident on October 21, 2002, they reached an agreement with Manning regarding the nature and scope of the work to be performed and the manner and timing of payment for the services to be rendered.  USES claims that despite a written demand that was made pursuant to Miss. Code Ann. § 11-53-81 (Supp. 2000), Manning failed to pay the balance due on its open account with USES.  *¶ 14 of Complaint*.  Manning moves to dismiss this claim on the grounds that there was no open account established in this case; instead the claim is grounded in negligence and is therefore unliquidated.  The manner to recover on an open account

is set forth in § 11-53-81 of the Mississippi Code:

> **§ 11-53-81. Open account, attorney's fees**
> When any person fails to pay an open account within thirty (30) days after receipt of
> written demand therefor correctly setting forth the amount owed and an itemized
> statement of the account in support thereof, that person shall be liable for reasonable
> attorney's fees to be set by the judge for the prosecution and collection of such claim
> when judgment on the claim is rendered in favor of the plaintiff.

*Miss. Code Ann. § 11-53-81.*

Within the context of the statute providing attorney fees, an account is not considered an open

account absent a final and certain agreement on price. *Mauldin Co. v. Lee Tractor Co. of Miss.,*

*Inc.*, 920 So.2d 513 (Miss. 2006).   The evidence before the Court demonstrates that invoices

were submitted by USES to Manning in December, 2002 and February, 2003.  *Ex. "A" to*

*Complaint*.   However, there is no evidence of a predetermined price, revolving credit agreement

or series of financial transactions between USES and Manning that places this case into the realm

of an open account.   There is a letter from First Chemical to USES requesting payment in the

amount of $178, 273.00, for services rendered by the FCC in connection with the chemical spill

on October 21, 2002, *Ex. "B" to Complaint;*  however, this letter is dated September 25, 2003,

well after the spill and well after the time that remediation began.   There is also a letter dated

January 18, 2004,  written by counsel for USES demanding payment under

§ 11-53-81.   In addition, USES has submitted the deposition testimony of George Malvaney,

[the 30(b)(6) representative for USES] and Larry Lee as evidence that USES and Manning agreed

to the terms of the remediation at the meeting following the incident.   Both corporate

representatives stated that Manning committed to take full responsibility.   Lee stated that after

the initial meeting between USES and Manning, he was informed that an agreement was reached

whereby Manning would do whatever it took to remedy the situation.   No one at that point in

time knew what that would entail. *Dep. of Larry Lee at p. 19, att. as Ex. "A" to Plaintiff's Supp. Resp. to Order & Advisory*.

There is no dispute that Manning accepted responsibility for its actions on October 21, 2002.  However, the evidence before the Court does not establish that there was a predetermined price for the work to be performed nor does it illustrate any agreement between USES and Manning predicated on an advance agreement to allow purchases on credit.  *See McLain v. West Side Bone & Joint Center*, 656 So. 2d 119, 123 (Miss. 1995); *Stanton & Assoc. v. Bryant Constr.,* 464 So. 2d 499, 503 (Miss. 1985)("unliquidated claim does not meet the itemization standards necessary to qualify as an open account.")  Because USES has failed to present evidence that the relationship between USES and Manning involved either an ongoing or continuing series of financial transactions, or an account left "open" in anticipation of future transactions, Manning's Motion should be granted and the open account claim and accompanying request for attorney's fee should be dismissed.

## THE INDEMNITY CLAIM

USES also claims that Manning is required to indemnify them for the remediation work performed for First Chemical.   "USES was under a legal obligation to avoid causing damage to FCI and now has a legal obligation to pay FCI for damages FCI suffered. . . . USES is entitled to recover from the Manning the amount owed to FCI $178,273.00, as a result of damages FCI suffered." *¶ 18 of the Complaint*.  Manning moves to dismiss USES's indemnity claim arguing that the monies requested "have not been paid by the Plaintiff." ¶ *VI of Motion to Dismiss at p. 3*.  Manning further contends that presently USES is under no legal obligation to pay the sums demanded by First Chemical; therefore, the indemnification claim fails as a matter of law.

Indemnity in Mississippi may be of three varieties, contractual, implied or imposed by law.  In order to prevail on an indemnity claim, the Plaintiff "must allege and prove that (1) it was legally liable to an injured third party, (2) it paid under compulsion, and (3) the amount it paid was reasonable." *Hartford Casualty Insurance Co. v. Halliburton Co.*, 826 So.2d 1206, 1216 (Miss. 2001), *quoting, Bush v. City of Laurel,* 215 So.2d 256, 259 (Miss.1968), *citing Certain Underwriters at Lloyd's of London v. Knostman*, 783 So.2d 694, 698 (Miss. 2001) (*citing Keys v. Rehab. Ctrs., Inc.*, 574 So.2d 579, 584 (Miss. 1990)).  Where there is no written or oral contract in place, a cause for implied indemnity exists where Plaintiff can establish that: (1) the damages which he seeks to shift have been imposed upon him as a result of some legal obligation to the injured person; and (2) that he did not actively or affirmatively participate in the wrong. *Home Health Care Affiliates of Mississippi, Inc. v. North American Indem. N.V.*, 299 F.Supp.2d 645, 659 (N.D.Miss. 2004), *citing Hartford,* 826 So.2d at 1216.

In the present case, USES has failed to establish the essential elements of an indemnity claim against Manning. There is no evidence that USES was legally required to pay and, in fact, paid monies to FCI in connection with the remediation performed by Manning. *T& S Express, Inc. v. Liberty Mut. Ins. Co.,* 847 So.2d 270, 273 (Miss.App. 2003)(there can be no recovery for indemnity claim without proving that a legal obligation existed.)  USES has failed to produce evidence to support the indemnity claim or to otherwise create a genuine issue of material fact; therefore, Manning's Motion should be granted.

## CONCLUSION

The record before the Court demonstrates, in applying Mississippi law, USES has produced insufficient evidence to sustain their burden of proof on the open account and

indemnity claims; therefore, Manning is entitled to Judgment as a Matter of Law on those claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss Plaintiff's Open Account Claim filed by Defendant Manning Trucking on March 20, 2006, [15-1] pursuant to FED. R. CIV. P. 12(b)(6), which this Court construes as one for summary judgment pursuant to FED. R. CIV. P. 56, should be, and is, hereby **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss Plaintiff's Indemnity Claim filed by Defendant Manning Trucking on September 18, 2006, [29-1] pursuant to FED. R. CIV. P. 12(b)(6), which this Court construes as one for summary judgment pursuant to FED. R. CIV. P. 56, should be, and is, hereby **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's unjust enrichment/ *quantum meruit* claim will proceed.

**SO ORDERED AND ADJUDGED** this the 31th day of January, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE